UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No.: 1:07-CR-28 |
| ) | |
| ANTONYO STEPHENS and ) | |
| TAHITIA BURNETT ) | |

## OPINION AND ORDER

This matter is before the court on the motion by the defendant, Antonyo Stephens, for revocation or amendment of his detention order.  For the reasons discussed herein, Stephens's motion is DENIED and he shall remain in custody pending resolution of the charges asserted against him in this case.

## DISCUSSION

On March 28, 2007, the government filed an Indictment in this case charging Stephens with two felony drug counts in violation of 21 U.S.C. § 841(a)(1).  Docket at 1.  Count One alleges that on January 26, 2007, Stephens distributed "crack" cocaine.  *Id*.  Count Two alleges that on February 16, 2007, Stephens and his co-defendant possessed fifty grams or more of "crack" with intent to distribute it.  *Id*.  Stephens was arrested on April 17, 2007, and had an initial appearance before United States Magistrate Judge Roger B. Cosbey on April 19.  Docket at 16.  At that initial appearance, Stephens, through his court appointed attorney, moved for a continuance of his detention hearing.  *Id*.  That motion was granted and Stephens appeared for a detention hearing, pursuant to 18 U.S.C. § 3142(f) (the Bail Reform Act), on April 24, 2007.  Docket at 20.  At that detention hearing, Stephens pleaded not guilty to the two counts in the Indictment.  *Id*.  Then, the government and the defense presented evidence and argument on the

issue of detention,[1] and Magistrate Judge Cosbey entered an Order directing that Stephens be detained pending a trial.

On July 2, 2007, Stephens filed a motion to suppress evidence. Docket at 27. The court set a hearing on the motion to suppress for July 23, 2007. At that July 23 hearing, the court ordered the government and the defense to file briefs on the motion to suppress and took the motion under advisement pending the completion of that briefing. Also at that hearing, Stephens asked to address the court. Stephens argued that he should be released from custody pending trial and that he was willing to accept whatever restrictions the court may impose on him to assure his appearance at future hearings and/or trial. The court interpreted Stephens's oral request as a motion for review of the Magistrate Judge's Order of Detention and set the matter for further hearing on July 25, 2007.[2] See Docket at 40. Therefore, it is the issue of defendant's detention on which the court now rules.

As stated above, Stephens had a detention hearing before the U.S. Magistrate and was afforded his opportunity to present evidence and argument. Following the hearing, Magistrate Judge Cosbey issued an Order as mandated by 18 U.S.C. § 3142(f) in which he made the following specific findings:

> 1. There is probable cause to believe the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*.

---

[1] Specifically, the government offered a proffer on the issue of Stephens's detention. Stephens himself offered evidence by way of a witness (his bail bondsman) and his own testimony.

[2] Pursuant to 18 U.S.C. § 3145(b), a defendant who has been ordered detained pending trial or sentencing may move for a revocation or amendment of such an order in the court having original jurisdiction over the offense.

  2. The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

  3. There is a serious risk that the defendant will not appear.

  4. There is a serious risk that the defendant will endanger the safety of another person or the community.

  5. The defendant has two prior drug convictions, which evinces a pattern of drug possession and distribution making the defendant a risk of danger to the community.

Order of Detention Pending Trial, Docket at 21, p. 1.  In addition, Magistrate Judge Cosbey wrote that the following facts were material to his decision to order detention:

  I find by a preponderance of the evidence as to risk of flight that:

  1. The defendant has no resources from which he . . . might make a bond reasonably calculated to assure his . . . future appearance.

  2. The defendant has a prior criminal history.

  3. The defendant has a prior record of violating probation terms.

  4. The defendant has a prior record of failing to abide by court ordered conditions.

  5.  Depending on the amount of drugs involved, the defendant is facing a mandatory minimum of 20 years incarceration and a maximum of life imprisonment.

  6. The defendant does not dispute the information contained in the Pretrial Services Report, except he disputes the adjudications under "PRIOR RECORD" of 12/28/93; 10/18/94; 6/23/96; 4/21/02; and 6/18/03.

  In addition[,] a search warrant executed at the defendant's residence found more than 50 grams of crack cocaine, 9 ounces of powder cocaine, and a 22 caliber derringer.  Accordingly, the search reveals that the defendant is heavily involved in the drug trade, has access to firearms, and if released would be a significant danger to others and the community.

*Id.*, pp. 1-2.  After making his findings of fact and setting forth his reasoning, Magistrate Judge Cosbey ordered that Stephens be detained pending further proceedings in this case.

As stated, the Magistrate Judge held the detention hearing as mandated by 18 U.S.C. § 3142(f), which states, in relevant part, as follows: [Upon motion by the government a] "judicial officer shall hold a hearing to determine whether any condition or combination of conditions [of release] will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community . . . ."  A detention hearing pursuant to this statute is mandated in any case involving "an offense for which the maximum sentence is life imprisonment or death" [or] "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."  18 U.S.C. § 3142(f)(1)(B) and (C).[3]  The judicial officer must consider several factors when ruling on the issue of detention of a criminal defendant.  The statute states that the judge or magistrate should consider, *inter alia*, the following: whether the defendant presents a risk of flight; the nature, circumstances, and seriousness of the crime or crimes charged (including whether the crime involves a controlled substance); the weight of the evidence against the defendant; [the defendant's] character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; whether, at the time of the offense charged, [the defendant] was on probation [or] parole . . .; and the nature and seriousness of the danger to any person or the community that

---

[3] In this case, the government filed a motion for detention on March 28, 2007, alleging that Stephens (as well as his co-defendant) presented a risk of flight and a danger to the community.  Docket at 3.

4

would be posed by [the defendant's] release.  18 U.S.C. § 3142(g)(1) through (4).

In addition, the statute provides that "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."  18 U.S.C. § 3142(e).  In the present case, the Magistrate Judge found that there was probable cause to believe that Stephens committed the offenses charged.  Order of Detention, p. 1.  If he is convicted of Count One of the Indictment, Stephens faces a term of imprisonment of up to 20 years; and if convicted of Count Two, he faces a mandatory minimum sentence of 10 years imprisonment and could be sentenced to a life term.  Notice of Penalties, Docket at 2.

After considering the evidence and argument presented at the original detention hearing, as well as the circumstances of the charged offenses and possible penalties, Magistrate Judge Cosbey found that several of the factors enumerated in the statute were present in this case and, consequently, ordered that Stephens remain in custody pending resolution of the charges against him.

At the review hearing held on July 25, 2007, the standard of review was the same as it was at the initial detention hearing.  The government stated that it stood by the proffer it presented at the initial hearing and the record of that proceeding.  The burden, then, is on Stephens to rebut the presumption that he should remain in custody pending resolution of the charges against him.  Stephens presented evidence he claimed supported his argument that he should be released pending trial.  His evidence, however, was insufficient to rebut the findings

and conclusions contained in Magistrate Judge Cosbey's Order of Detention or to rebut the presumption contained in 18 U.S.C. § 3142. Stephens testified that he has young children who were in need of this parental presence and that he was willing to accept whatever conditions the court might wish to impose upon him to assure his appearance at future proceedings and trial. He testified that he has seven biological children and one stepson, all between the ages of two and 11 years. He stated that Tahitia Burnett, the co-defendant in this case, is the mother of two of those children. Stephens said he was aware of the fact that Burnett recently enter a guilty plea in this case and that she is currently incarcerated. He further stated that his and Burnett's children were staying with relatives. Stephens testified that he knew he was facing the possibility of decades, perhaps even life, in prison if convicted of the charges in this case. He stated that he wished to spend time with his children pending the outcome of this case. He further stated that he would accept any conditions the court might impose on him to assure his appearance at future proceedings. He said he would "report to anyone," that he had no reason to leave the jurisdiction, and that he would obtain a job if he was released. Stephens also testified that he had posted a bond of $10,500.00 when the current charges were first brought in State court, that he had been released from State custody for a brief time, and that he believed that bond should be honored in this case.

     On cross-examination by the government's lawyer, Stephens admitted that he knew when he was released from State custody after posting bond he was not to commit another local, state, or federal crime. However, he also admitted that when he was arrested on the federal charges in this case, he was in possession of a small amount of marijuana. He attributed that to the fact that he was under stress as a result of the drug counts that are the basis of this case.

The government presented the testimony of a Special Agent with the Drug Enforcement Agency who was involved in the investigation of the defendant. The Agent testified about certain facts of the investigation into Stephens's alleged drug activity. Among other things, the Agent testified that he listened to tape recordings of four separate telephone calls Stephens placed to various people after his arrest on the current charges. In those calls, Stephens told people that there was money and "candy" at his residence that could be used to secure his bail. He remarked to at least one individual that the drugs seized by the police during the search of his residence on February 16, 2007, constituted only a small portion of what he had in his possession. The Special Agent testified that he understood these conversations to mean that Stephens had money and drugs in his residence or somewhere else that could be used to obtain pay his bail. Stephens did not deny having made these calls, although he did testify that when he used the word "candy" during those conversations, he was simply referring to some sort of "candy paint" on his vehicle. In other words, Stephens claimed that he was referring to the fact that his vehicle could be used to support or secure a bail payment. The court did not find this explanation credible.

Finally, the government introduced three exhibits at the hearing. The first was a written summary of an interview of co-defendant Tahitia Burnett, which was conducted by the DEA Agent who testified. July 25, 2007, Hearing, Exhibit 1. This interview took place after Burnett and Stephens were arrested on the charges in this case. The second exhibit was a police report indicating that Stephens was arrested on February 28, 2007, and was found in possession of marijuana. (This is the crime which the government pointed out occurred after Stephens's release from State custody, at a time when he admitted he knew he was not to commit another

7

crime.)  *Id.*, Exhibit 2.  Government's Exhibit 3 was a copy of an Indiana State Police lab report indicating that the substances seized from Stephens's home on February 16, 2007, tested positive for cocaine base ("crack") and powder cocaine.  Also, it is uncontested that police also discovered a 22-caliber Derringer pistol in Stephens's home during that same search.[4]  Finally, the government's attorney stated that the Pretrial Services Report prepared in this case by the United States Probation Office should be considered by the court with regard to the issue of detention.  That report, as Magistrate Judge Cosbey noted in his Order, indicates that Stephens has a rather substantial criminal history, including previous drug charges.  (As indicated above, Stephens does contest some, but not all, of these prior criminal charges or convictions.)

As the Seventh Circuit Court of Appeals explained in *U.S. v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985), "[t]he ultimate determination that the magistrate and then, if requested, the district judge is required to make--whether it is reasonably certain that the defendant will show up for trial if admitted to bail (and whether, even if so, he can be left at large without endangering the safety of any other person, see 18 U.S.C. §§ 3142(e)-(g); *United States v. Daniels,* 772 F.2d 382 (7th Cir.1985)) is inherently judgmental.  It depends both on personal observation of the defendant and on a weighing of the daunting list of factors in section 3142(g) ('the nature and circumstances of the offense charged,' 'the weight of the evidence against the person,' his 'character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history,' and several others). . . . [A]lthough the presumption

---

[4] The discovery of this gun is uncontested.  However, the gun is one item that Stephens seeks to suppress in his pending motion to suppress.

8

against bail is rebuttable, we agree with the First Circuit that it continues to weigh in the balance against bail even after the defendant meets his burden of producing some evidence to rebut the presumption. . . . The presumption reflects a congressional judgment, to which [the courts] are obligated to give weight, that persons facing heavy sentences for particular types of offenses are likely to jump bail." This is no doubt why 18 U.S.C. § 3142 expressly provides that defendants charged with serious drug crimes could be a "danger to the community" as a result of the nature of those offenses. This is why the presumption *against* bail was specifically written into the statute by Congress. This is not to say that Stephens, if released, would intentionally harm another person. Rather, the presumption arises as a result of the belief of Congress that drug crimes present an inherent danger to a community as a whole.

In addition to the potential risk of flight that exists in this case (notwithstanding Stephens's adamant assertions that he would not flee the jurisdiction) and the seemingly abundant amount of evidence the government claims to have against him, the court also notes that Stephens has a long history of criminal activity and, according to the Pretrial Services Report, virtually no employment history. And while his desire to see and be with his children may be sincere, he acknowledged in his testimony that his children are currently residing with relatives. The court presumes, then, that they are being well cared for under the circumstances.

In short, Stephens's argument that he should be released amounts to only an emotional plea to the court. The court does not doubt that Stephens is sincere in his desire to be out of jail pending resolution of this case. That only stands to reason. However, a defendant's desire to be released from incarceration and his or her promise not to flee the jurisdiction is woefully insufficient to rebut the presumption that persons facing very serious charges should remain

9

detained until those charges are resolved.  If that were the case, then pretrial detention would be virtually nonexistent, since every criminal defendant would present the court with an identical plea for release.

The court has reviewed and considered the previous written Detention Order entered by the Magistrate Judge as well as the evidence and argument presented in this case with regard to Stephens's detention.  The court concludes that the original Detention Order should stand and agrees that there is no condition or combination of conditions that could be imposed on Stephens that would assure his appearance at future proceedings and/or protect other persons or the community from danger if he was released.

## CONCLUSION

For the reasons set forth herein, the motion for revocation or amendment of detention order presented by the defendant, Antonyo Stephens, is DENIED.

Entered: July 25, 2007.

   /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana