UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-CR-28 |
| | ) | |
| ANTONYO STEPHENS | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the Motion to Suppress filed by the Defendant, Antonyo Stephens ("Stephens") on July 2, 2007 (Docket at 27).[1] The United States of America ("the government") filed a response to the motion on July 17, 2007 (Docket at 38). The court held a hearing on the motion on July 23, 2007, and directed the parties to file additional briefs. Stephens filed a Memorandum in Support of Defendant's Motion to Suppress ("Defendant's Memorandum," Docket at 51) on September 24, 2007, and the government filed a Supplemental Opposition to Defendant's Motion to Suppress ("Government's Memorandum," Docket at 54) on October 9, 2007. On December 13, 2007, the court held a further hearing in this case. Near the conclusion of that hearing, the court directed the parties to submit additional briefs dealing only with one issue raised by Stephens's motion to suppress (that being the warrantless search of Stephens's trash by police officers). Stephens filed another brief in support of his motion to suppress on January 9, 2008 (Docket at 69) and the government filed an additional response on January 11, 2008 (Docket at 72). Stephens filed a reply brief on February 4, 2008 (Docket at 73). Finally, Stephens filed a Second Supplemental Memorandum in Support of Defendant's

---

[1] Stephens also filed a *pro se* motion to suppress on July 6, 2007 (Docket at 33). At the hearing held in this matter, the court informed Stephens that all filings should be submitted by his counsel and that his *pro se* motion would not be considered since his attorney had already filed a proper motion on his behalf.

Motion to Suppress on February 12, 2008.  Docket at 74.  The government informally indicated to the court that it intended to file a response to this Second Supplemental Memorandum.  For the reasons discussed in this Order, the motion to suppress is DENIED in part; the court's ruling on the remaining issues raised by the motion is hereby DEFERRED pending the completion of briefing by the parties.[2]

## BACKGROUND FACTS

Stephens was charged by way of an Indictment with one count of distributing cocaine base ("crack") and one count of possession with intent to distribute crack.  Indictment, Docket at 1.  The charges were filed as a result of a raid by law enforcement on Stephens's residence on Plaza Drive in Fort Wayne.  Motion to Suppress, p. 1.  Police officers, armed with a search

---

[2] Not all of the briefs that have been filed are relevant to the issue addressed in this Order.  When Stephens first filed his motion to suppress, the attorney representing him at that time and the government agreed that the issues raised in the motion challenged the "four corners" of the search warrant.  Therefore, it did not appear that an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) was necessary.  *See* Transcript of Dec. 13, 2007, hearing, pp. 3-5.  However, Stephens's original court appointed counsel filed a motion to withdraw, which was granted at a hearing held on November 29, 2007.  Docket at 63.  Before she withdrew, however, counsel filed a memorandum in support of Stephens's motion to suppress (Docket at 51), wherein Stephens raised the issue of the search of his trash and whether it was constitutional.  The court concluded that an evidentiary hearing would be necessary after all in order to resolve this issue.  Stephens's current court appointed attorney represented him at the December 13 hearing.  At the conclusion of that hearing, the court directed the parties to file supplemental briefs solely on the issue of the search of Stephens's trash bin.  Defense counsel, however, requested additional time in which to file "any additional motions" he might deem necessary after consulting with his client.  Transcript, pp. 5-6.  The court granted counsel thirty days from the day of the hearing "in which to file any additional motions since . . . you're new in the case."  *Id.*, pp. 29-30.  Instead of filing any new motion, defense counsel filed the pleading that appears as Docket entry 74–his Second Supplemental Memorandum in Support of Motion to Dismiss.  This pleading addresses issues *other than* the search of Stephens's trash.  These additional issues comprise that portion of the defendant's motion to suppress that is now being deferred pending the completion of briefing.  The court will issue a subsequent Order addressing these issues once they are fully briefed.

2

warrant, went to the premises on or about February 12, 2007.  *Id*.  The search warrant was issued following a "controlled buy" at the residence conducted less than three weeks previously.  Defendant's Memorandum, pp. 1-2.  During the search, officers discovered drugs, and Stephens and a co-defendant (who has already pleaded guilty and did not join in this motion) were arrested and charged.

     The events leading up to the execution of the search warrant were put in motion in July of 2006, when neighbors called police to complain of excessive traffic at the residence on Plaza Drive.  Plaintiff's Memorandum, p. 1.  The caller or callers provided police with information about a black male and a black female living or staying at the residence.  *Id*.  In January of 2007, Allen County Police Detective Jack Cain was contacted by a person identified as Confidential Informant ("C.I.") number 416.  *Id*., pp. 1-2.  The C.I. told Cain that he could purchase narcotics from a person known as "Quarterback," who lived at the Plaza Drive residence.  *Id*., p. 2.  "[Detective] Cain met with C.I. 416 and showed him a photo array which contained a photo of Stephens.  C.I. identified Stephens as 'Quarterback.'" *Id*.  Detective Cain then enlisted C.I. 416 to conduct a controlled buy at the residence.  *Id*.  The controlled buy was conducted and C.I. 416 informed Detective Cain that C.I. had purchased "crack" cocaine from "Quarterback" inside the Plaza Drive residence.  *Id*.  Stephens points out that there was no audio or video recording of the drug purchase, although he admits that "the residence was under surveillance by law enforcement."  *Id*.  "Approximately 2 weeks after the transaction with the C.I., law enforcement conducted a trash pick up and search from . . . Plaza Drive[.]" and discovered "several items of interest . . . ."  *Id*.  Based on the complaints from neighbors, the controlled buy, and the search of the trash, police sought and obtained the warrant to search the premises at Plaza Drive.

3

In his motion, Stephens challenges the validity of the search warrant, arguing that it "does not state facts sufficient to show probable cause[.]"; "is based upon uncorroborated hearsay information"; fails to support the "informant's credibility or . . . reliability . . . ."; "fails to establish that there was a controlled buy[.]"; and was based on information that was "stale and unreliable." Motion to Suppress, pp. 1-2. Also, Stephens challenges the warrantless search of trash at the residence that took place prior to the search of the residence, claiming it was conducted without a warrant and "was illegal." *Id*., p. 2. Stephens asks the court to suppress all evidence seized during the search of the Plaza Drive residence. As explained above (see footnote 2), the only issue addressed in this Order is the issue of the warrantless search of Stephens's trash.

## STANDARD OF REVIEW

The purpose of the Fourth Amendment is protect citizens from unreasonable searches and seizures by the government. *U.S. v. Ginglen*, 467 F.3d 1071, 1074 (7th Cir. 2006) (citing *Camara v. Mun. Court of City & County of S.F.,* 387 U.S. 523, 528 (1967)). To determine whether a search is reasonable, the court looks at the totality of the circumstances. As the Seventh Circuit Court of Appeals recently explained:

> "The Fourth Amendment permits the search of a person's home only if there is probable cause to believe that the authorities will recover the items subject to seizure at the time they execute the warrant." *United States v. Newsom,* 402 F.3d 780, 782 (7th Cir.2005) (citation omitted). While there is no set definition for probable cause, it exists for purposes of a search "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States,* 517 U.S. 690, 696 (1996). Probable cause does not require an actual showing of criminal activity, but a probability or substantial chance that evidence of criminal activity will be found. *United States v. Sidwell,* 440 F.3d 865, 869 (7th Cir.2006) (citations omitted).

4

> "A magistrate's determination of probable cause 'is to be given considerable weight and should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated.'" *Newsom,* 402 F.3d at 782 (citations omitted). "The age of information contained in an affidavit is only one factor a judge considers, and it is less important when the criminal activity in question is apparently continuous." *United States v. Watzman,* 486 F.3d 1004, 1008 (7th Cir.2007). "Credibility of informants, nexus to the searched premises and to illegal activity, and the age of the information are all relevant considerations in this inquiry, but no single piece of information need satisfy every relevant consideration before we may consider it." *United States v. Wiley,* 475 F.3d 908, 915 (7th Cir.2007) (citation omitted).

*U.S. v. Doan*, WL 2247657 (7th Cir. Aug. 6, 2007) at * 3.

### DISCUSSION

Stephens argues in his motion that the warrantless search of his garbage by police violated his Fourth Amendment right to be free from unreasonable search and seizure. Motion to Suppress, p. 2. According to Stephens, the trash cans police searched "were still on the property at 5421 Plaza Drive, are part of the curtilage of the residence and are therefore protected against unreasonable searches and seizures by the Fourth Amendment." Defendant's Memorandum, Docket at 51, p. 6. The search warrant affidavit describes the search of the trash and the removal of evidence this way:

> On 2-8-2007 at approximately 0230, Det. Cain and McDonald conducted a trash pick up from the residence located at 5421 Plaza Dr. The two trash bins had been positioned along the edge of the roadway and just on the north edge of the south driveway of 5421 Plaza Dr. Detectives were careful not to disturb any of the residents who lived in the area and also noticed that many other homes in the area had placed their trash containers out for pick up.

Government's Exhibit 1, p. 3. Thus, according to the affidavit, the trash bins were near the street, on the edge of Stephens's driveway, awaiting pick up by the sanitation department. In his motion and memorandum, Stephens does not contend otherwise. Rather, he simply states that

5

the trash bins were part of the "curtilage" of his property and therefore he retained an expectation of privacy in the bins and their contents. The issue, then, is whether the trash bins were "accessible to the public" at the time they were searched or were still located in close enough proximity to Stephens's residence that the contents had not yet been discarded. In other words, the key question is whether the refuse in question was set out for disposal or was so physically close to a residence that it reasonably could be considered to still be appurtenant to an individual's residence. In the latter instance, even though it is refuse, it would be subject to Fourth Amendment protection.

In a recent case, the Seventh Circuit reiterated the long-standing legal principle that an individual does *not* have an expectation of privacy in trash or garbage left or placed for disposal. *United States v. Loughren*, 2007 WL 2478592 at * 1 (7th Cir. Aug. 30, 2007) ("'our society would not accept as reasonable a claim to an expectation of privacy in trash left for collection in an area accessible to the public[.]'") (quoting *United States v. Redmon*, 138 F.3d 1109, 1114 (7th Cir. 1998) (en banc)).

During the hearing held on December 13, 2007, the Fort Wayne police officers who searched the trash and seized items from it testified that it was sitting at the end of the driveway at the Plaza Drive home at the time they did so. *See* Transcript of Hearing, Docket at 68, pp. 7-12; 19-22. Stephens also testified at the hearing. Stephens admitted that his trash bin, at the time it was searched, was positioned near the end of his driveway, although his recollection of its precise location differed slightly from that of the police officers. *Id.*, pp. 25-26. This difference,

6

however, is not material. As a matter of fact, Stephens, after apparently considering the evidence and testimony presented at the hearing, is now conceding the entire issue of the search of his trash. In his most recent brief on the issue, Stephens discusses at length several cases dealing with the subject of a police search of an individual's trash. The cases Stephens cites and discusses include, among others, *United States v. Redmon*, 138 F.3d 1109 (7th Cir. 1998); *United States v. Shelby*, 573 F.2d 971 (7th Cir. 1978); *United States v. Kramer*, 711 F.2d 789 (7th Cir. 1983); *United States v. Hedrick*, 922 F.2d 396 (7th Cir. 1991); and *United States v. Shanks*, 97 F.3d 977 (7th Cir. 1996). All of these cases demonstrate that Stephens's argument that the warrantless search of his trash violated his Fourth Amendment rights is meritless in light of the evidence in this case. After discussing these cases, Stephens's brief concludes with this statement: "Based upon this line of holdings, counsel for Stephens cannot find a Seventh Circuit precedent to rely on for the position that the warrantless search of his trash was a violation of his Fourth Amendment Rights." Defendant's Supplemental Brief, Docket at 69, p. 7. Stephens states even more plainly in his reply brief that he "concedes that the removal of the trash from his trash bins was not . . . a violation of his Fourth Amendment rights." Defendant's Reply Brief, Docket at 73, p. 1.

      The cases Stephens cites and discusses in his brief are, as he now admits, controlling. The court does not feel it is necessary to repeat the defendant's discussion of those cases in this Order. It is sufficient to note that the court's analysis of this issue–the warrantless search of Stephens's trash–mirrors that presented in the defendant's brief. Similarly, the government also noted that "[t]he defendant's brief cites numerous cases supporting the notion that the officers' actions in this case were entirely proper. The government does not believe it is necessary to

7

reiterate all of those cases [in this brief]." Government's Second Supplemental Brief, Docket at 72, p. 2.

As a result of the foregoing, the motion to suppress filed by the defendant, Antonyo Stephens, must be denied as it relates to the issue of the warrantless search of, and removal of items from, defendant's trash. As stated above, the other issues raised by the defendant's motion to suppress will be addressed in a separate Order of the court, which will be issued forthwith following completion of briefing by the parties.

## CONCLUSION

For the reasons discussed herein, the Motion to Suppress filed by the Defendant, Antonyo Stephens, is DENIED in part; the court's ruling on the remaining issues raised by the motion is hereby DEFERRED pending the completion of briefing by the parties.

Date: February 26, 2008.

　/s/   William C. Lee　　
William C. Lee, Judge
United States District Court