UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Case No.: 1:07-CR-28 |
| | ) | |
| ANTONYO STEPHENS | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court for resolution of several pending motions. The Defendant, Antonyo Stephens ("Stephens" or "defendant"),[1] filed a "Motion for Disclosure of Evidence Which May Lead to the Impeachment of any Government Witness" ("motion for disclosure") on August 28, 2008. Docket at 129. The United States of America (the "government") filed a response in opposition to the motion on September 3, 2008. Docket at 136. Stephens also filed a "Motion for Immediate Dismissal" on August 28, to which the government filed its response in opposition on September 3. Docket at 137. Stephens also filed a "Motion for Certification of an Interlocutory Appeal" ("motion for interlocutory appeal") on September 3, 2008. The government filed its response in opposition to this motion on September 11, 2008. Docket at 143. Finally, on September 10, 2008, Stephens filed a "Verified Motion for Dismissal" ("verified motion to dismiss"). Docket at 140. The government filed a response in opposition to

---

[1] Stephens has been represented by counsel off and on throughout this case. His first attorney withdrew from the case and Stephens has changed his mind several times with respect to whether he wanted his current court appointed attorney to represent him or serve only as "standby" counsel. As of the date of this Order, attorney Thomas O'Malley is fully representing Stephens. Stephens asked the court to reappoint Mr. O'Malley at a hearing held on September 8, 2008, and that request was granted. Some of the pending motions addressed in this Order were filed by Stephens while he was *pro se* and some were filed with the assistance of counsel.

this motion on September 10, 2008. Docket at 142.[2] For the reasons discussed herein, all of the defendant's motions are **DENIED**.

**DISCUSSION**

The underlying facts of this criminal proceeding have been recited at great length in several prior Orders issued by the court and, therefore, the court will not offer yet another recitation of facts in this Order.[3] It suffices to note that Stephens was charged by way of a two-count indictment with distribution of cocaine base "crack" and possession of 50 grams or more of crack with intent to distribute. Stephens has filed several pretrial motions with the court, including a motion to suppress evidence. All of these motions were denied following hearings. The trial of this case is scheduled to begin in a matter of days from the date of entry of this Order, and Stephens's latest motions need to be resolved prior to the start of trial.

1. **Motion for disclosure.**

In this motion, Stephens moves the court "for entry of an order directing the government to make inquiry and disclosure of all evidence at least four weeks prior to trial which may lead to the impeachment of any government witnesses, as required by *United States v. Giglio*, 405 U.S. 150 (1972) . . . ." Motion for disclosure, p. 1. In the *Giglio* case, the U.S. Supreme Court held that the government must disclose to a defendant any favorable evidence, including exculpatory evidence and evidence that could be material to the impeachment of a government witness.

---

[2] Stephens also filed a Motion for *Franks* hearing on June 10, 2008. Docket at 104. The court denied this motion in an oral ruling at an in-person status conference held on August 22, 2008. Docket at 126. On its own initiative, however, the court will include in this Memorandum of Opinion and Order, a discussion of its reasons for denying that motion.

[3] *See, e.g.*, court's Orders at docket entries 43, 75 and 86.

Stephens wants the court to order the government to provide him with certain evidence, including, for example, "any and all records and information revealing prior misconduct or bad acts attributed to [Confidential Informant] 416 and/or any other government witnesses[.],"[4] "any and all consideration or promises of consideration given to C.I. 416 or on behalf of any prospective government witnesses or expected or hoped for by the witnesses, made by any law enforcement personnel, federal or state[.]," "any and all threats, expressed or implied, direct or indirect, or other coercion made to or directed against C.I. 416 and any other prospective government witnesses[.]," and "the existence and identification of each occasion on which the witness C.I. 416 and any other prospective government witness has testified before any court, grand jury, or other tribunal or body or otherwise officially narrated in relation to the defendant, the investigation or the facts of this case, and the record or transcript of all such testimony." Motion for Disclosure, pp. 2-3.

The government responds to this motion by stating that it has no obligation under the law to disclose exculpatory evidence "four weeks prior to trial" as Stephens demands. Government's Response to Motion for Disclosure, Docket at 136, p. 1 (citing *United States v. Allain*, 671 F.2d 248, 255 (7th Cir. 1982) and *United States v. McPartlin*, 595 F.2d 1321 (7th Cir. 1979)). The government is correct that the Seventh Circuit has held that the government need only disclose such evidence, if any exists, prior to trial or at trial. The government points out that Stephens appears to be making a request pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) which is "a

---

[4] Confidential Informant 416 is a person the police enlisted to conduct an alleged controlled buy of narcotics from Stephens in early 2007. Based in part on this controlled buy, which Stephens claims never occurred, the police obtained a search warrant for Stephens's residence, where a large amount of crack cocaine was found.

3

disclosure obligation, not a requirement of pretrial discovery." *Id*. The government also expressly states in its response that it "will provide the defense with the criminal history for a witness that is required to be disclosed by *Brady* and its progeny at or before trial." *Id*., p. 1. In addition, the government addresses each of Stephens's requests and responds by stating that any and all such evidence, if any such evidence exists, will be provided to the defense "at or before trial." *Id*., pp. 1-2. Also, the government states that it is "aware of no threats or coercion applied to any witness in this case[.]" and that if it becomes aware of any such threats, it "will make them known to the defense at or before trial." *Id*., p. 2. Finally, the government states that it is not aware of any "instance in which any witness to be called by the government in the trial of this case previously testified regarding the facts giving rise to this prosecution." *Id*. The government's response reveals that it already has complied or will comply with the dictates of *Brady* and its progeny.

It is certainly true, as Stephens asserts, that the government has an obligation to disclose to a defendant any evidence that is favorable to the defense. As the Seventh Circuit explained just recently:

> When the government deliberately or inadvertently withholds evidence that is material and favorable to the defense, it violates the defendant's right to a fair trial, which is guaranteed by due process. *Brady,* 373 U.S. at 87-88, 83 S.Ct. 1194, 10 L.Ed.2d 215; *United States v. Wilson,* 481 F.3d 475, 480 (7th Cir. 2007). The government has a duty to disclose evidence, regardless of whether the criminal defendant requests it, and that duty applies equally to impeachment and exculpatory evidence. *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

*Ben-Yisrayl v. Buss*, 2008 WL 3931618 *8 (7th Cir., Aug. 28, 2008). However, it is also true, as the government argues, that the government is not required to reveal such evidence to a

4

defendant "four weeks prior to trial" and that exculpatory or other evidence favorable to a defendant can even be disclosed at the time of trial. The Seventh Circuit has addressed this very issue and held as follows:

> Under Brady [. . .] and its progeny, the prosecutor has a constitutional duty to turn over to the defense material evidence in his possession that is favorable to the defendant, even in the absence of a specific request. *See United States v. Agurs*, 427 U.S. 97, 112 (1976). This obligation extends to evidence that is material for impeachment of prosecution witnesses, *see United States v. Esposito*, 523 F.2d 242, 248 (7th Cir. 1975), cert. denied, 425 U.S. 916 (1976), and immunity or other preferential treatment given to prosecution witnesses in exchange for their testimony, see *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Williams v. Brown*, 609 F.2d 216, 221 (5th Cir. 1980).
>
> Nevertheless, this court has made it clear that "*(t)here is nothing in Brady or Agurs to require that such disclosures be made before trial ....*" *United States v. McPartlin*, 595 F.2d 1321, 1346 (7th Cir.), cert. denied, 444 U.S. 833 (1979). As we have held previously, the standard to be applied in determining whether the delay in disclosure violates due process is whether the delay prevented defendant from receiving a fair trial. *Id*. "*As long as ultimate disclosure is made before it is too late for the defendant( ) to make use of any benefits of the evidence, Due Process is satisfied.*" *United States v. Ziperstein*, 601 F.2d 281, 291 (7th Cir. 1979), cert. denied, 444 U.S. 1031 (1980).

*U.S. v. Allain*, 671 F.2d 248, 255 (7th Cir. 1982) (italics added).

Stephens's motion for disclosure paints with a very broad brush. He is requesting any exculpatory and impeachment evidence that the government may possess. He does not state that he has been deprived of any such evidence, only that he has not yet received it (again, assuming any such evidence exists). But the law does not mandate that the government produce such evidence prior to trial–only that it is eventually provided to the defendant so that he might utilize it in his defense during trial. For these reasons, Stephens's motion for disclosure is denied.

**2. Motion for immediate dismissal.**

As its title states, this motion by Stephens seeks the dismissal of this entire proceeding.

5

Stephens argues, as he has done many times before in previously filed motions, that this case should be dismissed because "the United States government has failed to establish validity in the probable cause search warrant affidavit and that the government's, as well as the affiant's, statements in the probable cause search warrant affidavit are conclusory and unsupported in this particular cause." Motion for Immediate Dismissal, p. 1. The court has visited this argument many times and found it to be without merit. The remainder of Stephens's brief on this issue reiterates the arguments he has been making throughout the course of this case–that the police lied in an affidavit in order to obtain a search warrant for his residence. *Id*., pp. 2-3. The government's response to this motion is understandably concise, consisting of one paragraph. Government's Response to Motion for Immediate Dismissal, Docket at 137. The government argues Stephens's "current motion is more of the same only styled as a motion for immediate dismissal instead of a motion to suppress or for *Franks* hearing." *Id*. The government states that it "relies on [its] prior filings/briefing on this issue and this Court's rulings on said prior motions." *Id*. Normally, such a brief, cursory response to a motion would be inadequate. But in this instance, the court understands the government's desire not to draft yet another lengthy and detailed response to issues that have been litigated and ruled on in this case already. For these same reasons, the court also relies on its prior Orders in this case and, for the reasons set forth in those Orders, denies the defendant's motion for immediate dismissal without further discussion.

    **3. Motion for interlocutory appeal.**

In this motion, Stephens moves the court "to certify for interlocutory appeal its order denying his Motion to Suppress and its order denying his Motion for *Franks* hearing." Motion for Interlocutory Appeal, p. 1. Stephens argues that 28 U.S.C. § 1292(b) "provides for

6

interlocutory appeal of otherwise unappealable orders when those orders involve a controlling question of law and there is a substantial ground for difference of opinion as to the orders and the immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* (citing *Wells v. Toyota Motor Mfg. Indiana, Inc.*, 2006 WL 2038553 *1 (S.D. Ind., July 19, 2006)). Stephens also concedes in his motion that "generally, in the Seventh Circuit, interlocutory appeals are not allowed." *Id.* (citing *United States v. Segal*, 432 F.3d 767, 774-75 (7th Cir. 2005), in turn citing *United States v. Rinaldi*, 351 F.3d 285, 288 (7th Cir. 2003)). Stephens also discusses the collateral order doctrine, which in limited instances "provides an exception to the prohibition against appeal of non-final orders in criminal matters where 'the order . . . must dispose of an issue totally apart from the merits and . . . it must be virtually unreviewable on appeal from a final judgment.'" Motion for Interlocutory Appeal, p. 2 (citing *Segal*, 432 F.3d at 774 and *Rinaldi*, 351 F.3d at 288). However, Stephens acknowledges that he "cannot avail himself [of] the collateral order doctrine since [the] issues which [he] is attempting to appeal are not 'totally apart from the merits.'" *Id.* Even though he readily acknowledges that interlocutory appeals in criminal cases are generally not permitted, he "asks the court to make an exception to its general rule of not allowing appeals of non-final orders." *Id.*

The issue of interlocutory appeals in criminal cases is well established in this judicial circuit. Even the cases cited by Stephens in his motion address the issue. The Seventh Circuit has held as follows:

> Generally, the final judgment rule is strictly applied, particularly in criminal cases. *Flanagan v. United States,* 465 U.S. 259, 264-65, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). However, the collateral order doctrine does permit an interlocutory appeal for some non-final orders that are too important to be denied review and which are *so disconnected from the merits* that appellate consideration is required before final adjudication. *Cohen v. Beneficial Indus. Loan Corp.,* 337

> U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
>
> According to the Supreme Court in *Flanagan,* an order must meet three conditions to fit within this narrow exception: (1) the order must conclusively determine the disputed question; (2) it must dispose of an issue totally apart from merits of the action; and (3) it must be virtually unreviewable on appeal from a final judgment. *Flanagan,* 465 U.S. at 265, 104 S.Ct. 1051.

*United States v. Rinaldi*, 351 F.3d at 288 (italics added). The Seventh Circuit has also explained as follows:

> The jurisdiction of the courts of appeals in criminal cases is, for the most part, limited to "final decisions of the district courts of the United States." 28 U.S.C. § 1291. The requirement of finality reflects a strong policy against piecemeal review, a policy particularly important in the context of criminal actions where the delays and disruptions of interlocutory appeals are especially troublesome. In fact, *it is well settled that, as a general rule, a defendant in a criminal case may not take an appeal from an order denying a motion to suppress evidence. See, e.g., DiBella v. United States,* 369 U.S. 121, 131, 82 S.Ct. 654, 660, 7 L.Ed.2d 614 (1962); *United States v. Dorfman,* 690 F.2d 1217, 1222 (7th Cir. 1982).

*United States v. Davis*, 1 F.3d 606, 607 (7th Cir. 1993) (italics added).

In its response in opposition to Stephens's motion for interlocutory appeal, the government cites *DiBella*, *Dorfman*, and *United States v. Davis*, 1 F.3d 606, 607 (7th Cir. 1993) in support of its position that Stephens is not entitled to such an appeal.

The court determines that an interlocutory appeal of its orders denying Stephens's motion to suppress and his motion for a *Franks* hearing is not proper or warranted. In the event Stephens is found guilty at trial of the charges against him, he will, of course, be able to appeal his conviction and present these issues to the appellate court at that time.

For these reasons, the court denies the defendant's motion for interlocutory appeal.[5]

---

[5] While neither side addresses this issue, a defendant who wishes to file an appeal in a criminal case–including an interlocutory appeal pursuant to 28 U.S.C. § 1292--must file a notice of appeal within 10 days after entry of the judgment or order being appealed. Fed.R.App.P.

8

### 4. Verified motion to dismiss.

In this motion, Stephens claims that "unless a person commits a crime on federal property, it is never a federal crime." Verified Motion to Dismiss, p. 1. He further states that "Indiana is a sovereign state, which means no outside entity is the boss of Indiana." *Id*. Stephens claims that "the United States government has acted maliciously trying to prosecute the defendant for an alleged crime here in Fort Wayne." *Id*., p. 2. Stephens concludes his argument by stating that "federal officials, including a federal judge, has [sic] no authority to charge defendant Stephens and prosecute him for crimes that were allegedly committed here in Fort Wayne, Ind. and not on federal property." *Id*.

Not surprisingly, Stephens cites absolutely no authority for his argument. In its response, the government correctly points out that "[t]his Court has jurisdiction over this case and the charges contained within the Indictment under 18 U.S.C. § 3231 and 21 U.S.C. § 841. *See United States v. Turcotte*, 405 F.3d 515, 521 (7th Cir. 2005)." Opposition to Defendant's Verified Motion for Dismissal, Docket at 142. The court agrees with the government's assessment that "[t]he defendant's motion is frivolous." *Id*. In fact, the argument is so frivolous and meritless that it does not warrant further discussion and the motion is denied.

---

4(b)(1)(A). In this case, the court's Order denying Stephens's motion to suppress was entered on April 21, 2008 (Docket at 86) and the court's denial of his motion for a *Franks* hearing was made in open court on August 22, 2008 (Docket at 126). As stated at the outset of this Order, Stephens filed his motion for certification to take an interlocutory appeal on September 3, 2008. Thus, his request is not timely in either instance. However, assuming Stephens could present any argument that the time limit in Appellate Rule 4 should be waived, his motion would still be denied for the reasons discussed above.

### 5. Motion for *Franks* hearing.

As stated in footnote 2 above, Stephens filed a Motion for *Franks* hearing on June 10, 2008 (Docket at 104).[6] The government responded on July 3 (Docket at 111); Stephens filed a reply on July 11 (Docket at 112); the government filed a further, or supplemental, response on July 18 (Docket at 113); Stephens filed a supplemental motion on July 31 (Docket at 116); the government filed a response to that supplemental motion on August 6 (Docket at 120); and Stephens filed what he titled a "Final Reply" on August 12 (Docket at 124). As also stated above, the court held a hearing in this case on August 22, 2008, to hear and consider several pending motions. The court ruled from the bench on that date, denying Stephens's motion for a *Franks* hearing. So that the record is completely clear, the court will now discuss the analysis and reasoning it employed in arriving at that ruling.

Stephens's entire argument with regard to his request for a *Franks* hearing is this: he claims that he "never sold drugs to anyone on January 26, 2007, including but not limited to [Confidential Informant] 416. That CI 416 did not come to the residence of Stephens (5421 Plaza Drive) on January 26, 2007. Stephens would further show the court that the detectives were not monitoring the exits and entrances to Stephens's residence . . . during the course of the alleged drug transaction." Defendant's Motion, Docket at 104, p. 2. Stephens claims that "the alleged drug transaction never occurred, yet it was central to the establishment of probable cause for the search warrant to be issued in this matter." *Id*. Therefore, Stephens "requests a

---

[6] Stephens also filed a handwritten document titled "Notice of Facts," which was filed on June 19, 2008. Docket at 110. This document simply restates the argument Stephens makes in his other pleadings–that he never sold drugs on January 26, 2007, and that Fort Wayne police officers lied about that fact in order to obtain a search warrant for his home.

*Franks* hearing to determine whether the affidavit is based upon a false statement and whether the evidence gathered as a result of the warrant should be suppressed." *Id*.

The government responds that Stephens is not entitled to a *Franks* hearing. The government points out that in order to obtain a *Franks* hearing, a defendant "must make a substantial showing that the affidavit contained some false material statements, the affiant made this false statement intentionally or with reckless disregard for the truth and that the false statement was necessary to support a finding of probable cause." Government's Response, Docket at 111, p. 1 (citing *United States v. Souffront*, 338 F.3d 809, 822 (7th Cir. 2003)). The government further points out that a "defendant must 'offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts [or making a misstatement] in order to prove deliberate falsehood or reckless disregard.'" *Id.*, pp. 1-2 (quoting *Souffront*, 338 F.3d at 822).

The government argues that in this case, the police officers enlisted the confidential informant, conducted a search of his person before the controlled buy, gave him money, drove him to Stephens's residence, and watched him enter and leave the home. The C.I. then handed police a bag containing a small amount of crack cocaine. The C.I. also picked Stephens's out in a photo array and identified him as the person who sold the crack to the C.I. The search warrant affidavit itself contains a more detailed account of how the buy was conducted. *See* Motion for *Franks* Hearing, Docket at 104, Exh. A-1. The government contends that Stephens has failed to make the requisite showing that would entitle him to a *Franks* hearing.

In his reply brief, Stephens maintains that the government "misunderstood Stephens's basis for his motion for the *Franks* hearing." Stephens argues that he "is not asserting that the

officers had no proof of the alleged drug purchase. Rather, Stephens is stating that . . . Officer McDonald lied in his affidavit when he wrote that Stephens sold crack to the C.I. If the officer did not lie when he wrote the statement, then the C.I. lied to the officer/affiant about the purchase and Officer McDonald prepared the search warrant affidavit with total and reckless disregard for the truth. . . . Stephens did not sell crack cocaine on January 26, 2007. Moreover, it is physically impossible to monitor the entrance and exits to Stephens's home based upon the fact pattern set forth in Officer McDonald's affidavit." Defendant's Reply, Docket at 112, pp. 1-2.

In its supplemental response, the government reiterates the facts recited in the affidavit that detail how the controlled buy was carried out and the fact that the C.I. identified Stephens in a photo array. The government argues that "[o]ther than the conclusory statement that Officer McDonald did so, the defendant fails to articulate how this scenario of events was a lie or reckless disregard for the truth nor does defendant explain how Officer McDonald knew what the C.I. said was a lie if, in fact, it was. If the *de minimus* allegations of the defendant here can justify a *Franks* hearing the flood doors will be opened to all defendants. Finally, the items recovered from the trash on February 8, 2007, provided an independent probable cause basis for the search warrant to issue." Government's Supplemental Response, p. 2.[7]

The issue presented to the court by Stephens's motion, then, was whether he was entitled to a *Franks* hearing based on his unsupported, conclusory statements that Officer McDonald lied

---

[7] Stephens responds in his reply brief that "the alleged trash run was of little probative value because no one saw Stephens bring the trash to the curb or put the paraphernalia in the trash. For that matter, any passerby could have done it. This leaves the alleged transaction with C.I. 416 as the most essential factor in the establishment of probable cause." Defendant's Reply, p. 2.

in his affidavit or that the C.I. lied and McDonald then prepared the affidavit based on a reckless disregard for the truth of the facts recited therein.

The U.S. Supreme Court has held that "search warrant affidavits must be presumed to be valid." *United States v. McAllister*, 18 F.3d 1412, 1416 (7th Cir. 1994) (citing *Franks*). In order to be entitled to a *Franks* hearing, the defendant's attack on the search warrant "must be more than conclusory and must be supported by more than a mere desire to cross-examine the affiant." *McAllister*, 18 F.3d at 1416. As the Supreme Court wrote in *Franks*, "[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, *and those allegations must be accompanied by an offer of proof*. They should point out specifically the portion of the warrant that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence adequately explained." *Franks v. Delaware*, 98 S.Ct. 2684-85.

In his motion, Stephens presented nothing more than his conclusory assertions that either McDonald lied in his affidavit, or that the C.I.. lied and McDonald went ahead and wrote his affidavit based on a reckless disregard for the truth (although Stephens did not attempt to explain how McDonald was supposed to know that the C.I. was lying if, in fact, he or she was). Stephens did not allege, for example, that he was not home on January 26, 2007, or offer proof that he was not there on the date the alleged drug sale took place. He did not present any supporting affidavits, sworn statements, or other documentary evidence to support or bolster his allegations. In short, he did not present any evidence at all to support his conclusory statements. Therefore, Stephens simply failed to meet the threshold requirements to obtain a *Franks* hearing and his motion was denied for that reason.

**CONCLUSION**

For the reasons discussed herein, the motion for disclosure, motion for immediate dismissal, motion for certification of interlocutory appeal, verified motion for dismissal, and motion for *Franks* hearing filed by the Defendant, Antonyo Stephens, are **DENIED**.

Dated: September 22, 2008.

     /s/   William C. Lee  
William C. Lee, Judge  
United States District Court  
Northern District of Indiana