UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ANTONYO STEPHENS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No.: 1:07-CR-28 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court for ruling on two pending motions. The first is a Motion to Withdraw as Court Appointed Counsel filed on November 22, 2011 (docket at 179). The second is a Motion for Reduction of Sentence filed *pro se* by petitioner Antonyo Stephens on February 21, 2012 (docket at 183). The first motion is unopposed. The United States ("the government") filed a response in opposition to Stephens's *pro se* motion on February 23, 2012 (docket at 187) and Stephens filed a reply brief on March 14, 2012 (docket at 188). For the reasons discussed below, the Motion to Withdraw is GRANTED and the Motion for Reduction of Sentence is DENIED.

## DISCUSSION

On August 1, 2011, the Court received a letter from Stephens wherein he requested the appointment of counsel to represent him in attempting to obtain a reduction in his sentence as a result of the passage of the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372, for offenses involving cocaine base or "crack." The Court granted that request and appointed Thomas O'Malley to represent Stephens. On November 22, 2011, Mr. O'Malley filed a Notice to the Court (docket at 178). In that filing, Mr. O'Malley informed the Court that after reviewing

the case, he concluded that Stephens was not entitled to any relief under the FSA since Stephens's sentence of 144 months was the result of a binding plea agreement and was not based on the weight or amount of "crack" Stephens was charged with possessing and/or distributing. *Id*. On December 9, 2011, the U.S. Probation Office filed an addendum to Stephens's original Presentence Investigation Report (docket at 180). The Probation Office agreed with Mr. O'Malley's conclusion that Stephens was not entitled to relief since he had entered into a binding plea agreement. Because the Court agrees with Mr. O'Malley's and the Probation Officer's conclusions, the motion to withdraw is granted.

Stephens then filed the pending *pro se* motion for reduction, notwithstanding the conclusions reached by Mr. O'Malley and the U.S. Probation Office. Stephens argues that a recent U.S. Supreme Court decision, *Freeman v. United States*, 131 S.Ct. 2685 (2011), supports his argument. Petitioner's Brief in Support of Motion for Reduction, docket at 186, p. 4. However, Stephens is mistaken about the holding in *Freeman* and the case does not help his cause. In *Freeman*, the Court held that some defendants who were sentenced under binding plea agreements *may be* eligible for a sentence reduction under the FSA. *Freeman*, 131 S.Ct. at 2687. However, a careful reading of the case reveals that only defendants whose terms of imprisonment were based on a guideline range calculated using the amount of crack cocaine involved in the offense(s) of conviction are entitled to relief. *Id*. at 2689. In contrast, defendants whose sentences are based on a binding plea agreement that is *not* based on the amount of crack involved are not entitled to sentence reductions. In Stephens's case, his binding plea agreement was not based on the guideline range applicable to the amount of drugs involved in his offense. Instead, it was based on Stephens's agreement to accept a sentence of 144 months in exchange

2

for the government's agreement *not* to file an enhancement in this case pursuant to 21 U.S.C. § 851. Stephens would have faced a sentence of 240 months had he not entered into the binding plea agreement with the government and the enhancement would have been filed. The enhancement was applicable since "Stephens had a prior final felony drug conviction out of the Madison County Superior Court I, Anderson, Indiana." Government's Response, p. 2. In order to avoid this much harsher sentence, Stephens voluntarily entered into a binding plea agreement calling for a sentence of 144 months. In return for his entering into the agreement, the government also agreed to dismiss a second count against Stephens charging him with yet another crack cocaine offense. Therefore, Stephens's sentence was not based on the guideline section that was later amended by the FSA. For this reason, the holding in *Freeman* does not help him. And, as the government points out, many other courts that have addressed this issue have concluded that defendants who enter into binding plea agreements wherein the term of imprisonment is not based solely on the guideline range are not entitled to relief under the FSA. *Id.*, p. 6 (citing *United States v. Rivera-Martinez*, 665 F.3d 344 (1st Cir. 2011); *United States v. Brown*, 653 F.3d 337 (4th Cir. 2011); *United States v. Turner*, 2011 WL 5865490 (D.D.C. Nov. 21, 2011); *United States v. Walker*, 818 F.Supp.2d 151 (D.D.C. 2011)). For these reasons, Stephens is not entitled to a reduction in his term of imprisonment.

## CONCLUSION

For the reasons set forth above, the Motion to Withdraw as Court Appointed Counsel (docket at 179) is GRANTED and the motion for reduction of sentence (docket at 183) is DENIED.

April 30, 2012.

   /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana